UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-20628-CR-GRAHAM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

YAMILE SEGUROLA,                    **REPORT AND RECOMMENDATION**

      Defendant.
_____/

On or about May 10, 2010, court-appointed defense counsel Orlando do Campo ("Counsel") submitted a voucher application numbered FLS 09 3438 with appended time sheets requesting $87,077.68 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel also supplied detailed time sheets and a letter of explanation dated May 10, 2010 (the "Letter of Explanation") in support of his voucher application. Counsel represented Defendant Yamile Segurola ("Defendant") for approximately eight (8) months from his appointment on July 29, 2009 until April 7, 2010.

Counsel seeks $87,077.68 in his application, an amount which exceeds the $9,700.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As a result, United States District Court Judge Donald L. Graham entered an Order of Reference **[DE # 807]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. See 28 U.S.C. § 636(a); see also United States District Court for the Southern District of Florida Magistrate Judge Rules.

## Criminal Justice Act and Guidelines for Administration of the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administration of the Criminal Justice Act (the "Guidelines") to assist courts in the application of the provisions of the CJA. See *In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section §6.02(B) of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. See Section §2.22B(3) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

## DISCUSSION

### This Case Was Complex

Under the Guidelines, in order to compensate Counsel in an amount in excess of the statutory maximum, I must first find that the representation was either complex or extended. This case was complex for several reasons.

First, the very nature and number of charges involved in this case required Counsel to expend more time, skill and effort than normally required in the average case. This case commenced when the grand jury issued an Indictment **[DE # 3]** naming Defendant and nineteen co-defendants. (Letter of Explanation at 1). There were also numerous "unindicted coconspirators" thus "the number of potential participants exceed[ed] two dozen." (Letter of Explanation at 1).

The Indictment contained twenty (20) counts. The government alleged that Defendant and the codefendants were involved in a mortgage fraud conspiracy scheme to recruit straw buyers to purchase residential properties. The purpose of the scheme was to obtain money from various banks and lending institutions to finance the purchase of the properties through materially false representations and fraudulent pretenses concerning the true purchasers of the homes.

The scheme required the straw buyers to pose as home buyers when, in fact, the straw buyers were not to be either the true owners of the homes or responsible for making the monthly mortgage payments. Rather, other unnamed third persons were to be the true owners of the properties. In the scheme, the straw buyers would purchase the homes at highly inflated prices by obtaining mortgages on the properties. The true owners of the

properties would fail to make payments on the mortgages and default on the loans. The various banks and lending institutions would be forced to foreclose on the properties, suffering large losses.

To further complicate matters, many of the defendants involved in this scheme were related. Moreover, "this was a complicated matter because the length and breadth of the fraud alleged by the indictment, as well as the number of individuals allegedly involved in that fraud" was substantial. (Letter of Explanation at 1).

The government charged Defendant with conspiracy to commit mail and wire fraud, mail fraud and wire fraud. Defendant faced a maximum sentence of twenty (20) years imprisonment for Count I and twenty (20) years imprisonment for each of Counts VI, XIII and XIV.

Second, the "discovery in this matter was voluminous, consisting of over 60,000 documents. The discovery included loan files, bank records and real estate documents. Not only was it a lengthy process to become familiar with these documents, but that task was made more difficult by the fact that there were admitted instances of forgery committed in the processing of many of the documents turned over in discovery, which further necessitated comparing and contrasting documents as part of the process of preparing for trial." (Letter of Explanation at 1). The sheer volume of documents which Counsel had to review in order to effectively represent Defendant rendered this case more complex than the average case.

Third, the representation of Defendant required Counsel to attend a number of hearings and status conferences in this case. Counsel made appearances at an arraignment proceeding (8/5/09), at a calendar call (2/10/10) and a number of status

conferences (9/4/09, 10/7/09, 11/4/09, 12/16/09, 12/22/09 and 1/13/10).

Fourth, this case was more complex than the average case because Defendant pled not guilty and proceeded to trial. The trial lasted eight weeks and "30-plus witnesses testified, and thousands of documents were introduced into evidence. Based on . . . [C]ounsel's recollection, more than sixteen banker's boxes of discovery were provided to the jury for its deliberations." (Letter of Explanation at 1). The case ended in a mistrial. **[See DE # 665]**.

It is clear from the record that the legal and factual issues in this case were unusual. Consequently, I conclude that this matter required the expenditure of more time, skill and effort by Counsel than would normally be required in the average case. As I have concluded that the representation provided by Counsel was complex, I must review the voucher to determine the appropriate amount for which Counsel should be compensated in excess of the $9,700.00 statutory maximum.

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel requested compensation for 198.5 in-court hours totaling $24,739.00. The CJA administrator made no change to either figure.

The CJA administrator also reviewed the 508.1 out-of-court hours totaling $61,186.00 sought by Counsel. Counsel sought compensation for 61.0 hours for "Interviews and conferences" and 153.5 hours for "Obtaining and reviewing records." Counsel also sought compensation for 293.6 hours for "Legal research and brief writing." The CJA administrator

made no changes to either the number of out-of-court hours listed in the voucher or the total amount sought by Counsel for out-of-court hours.

Counsel further sought $1,152.68 in "Other Expenses." The CJA administrator reallocated a portion of these expenses to the category "Travel Expenses" ($135.00) and reduced the total for "Other Expenses" to $1.017.68. Despite making these adjustments, the CJA administrator concluded that the total amount documented by Counsel in the voucher remained the same - $87,077.68.

## In-Court Hours[1]

Counsel sought a total of 198.5 in-court hours for a total of $24,739.00. The CJA administrator made no changes to these numbers. I approve this amount as reasonable.

## Out-of-Court Hours

In the voucher, Counsel sought 508.1 out-of-court hours for a total of $61,186.00. The CJA administrator reviewed the voucher and made no changes to either figure.

Although the vast majority of Counsel's time entries are appropriate, Counsel included some entries that were not sufficiently specific for the undersigned to determine the purpose of the entries. Following submission of his voucher, I questioned Counsel about these entries. Counsel readily clarified most of the questionable entries.

A few troublesome entries remain, however, and I recommend that the following entries be reduced:

---

[1] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

| 10/20/09 | Telephonic conference with codefendants' counsel | from 2.5 hours to 0.1 hours |
| --- | --- | --- |
| 2/4/10 | Telephonic conference with expert | 0.4 hours to 0.1 hours |
| 2/12/10 | Telephonic status conference | 0.5 hours to 0.1 hours |
| 3/1/10 | Telephonic conference with codefendants' counsel | 2.4 hours to 1.3 hours[2] |
| 3/10/10 | Meeting with codefendants' counsel | 2.4 hours to 1.9 hours[3] |
| 3/23/10 | Telephonic conference with codefendants' counsel | 5.6 hours to 1.1 hours[4] |

Each of the above entries is problematic because Counsel has not sufficiently detailed the purpose of the time spent in the identified telephone conferences and meetings. Further, with respect to the February 12, 2010 entry, Counsel does not identify the parties to the conversation. The "Supplemental Instructions for Completing CJA20 Vouchers" form (the

---

[2] Counsel failed to specifically allocate the amount of time spent on each task listed in this entry. I allocate 1.2 hours to the telephonic conference with codefendants' counsel and accordingly reduce the entry by 1.1 hours for lack of specificity.

[3] Counsel again failed to specifically allocate the amount of time spent on each task listed in this entry. I allocate 0.6 hours to the meeting with codefendants' counsel and accordingly reduce the entry by 0.5 hours for lack of specificity.

[4] Yet again, Counsel did not specifically allocate the amount of time spent on each task listed in this entry. In fact, Counsel only explained the reason for the duration of one of the five entries included in this entry. As a result, I reduce the entry by 4.5 hours for lack of specificity.

"Supplemental Instructions") provided by the Court makes clear that "[t]elephone conferences in excess of one tenth (0.1) hour require notation of reason for duration, and parties to conversation identified." As Counsel failed to explain the reason for the duration of these telephone conferences and meetings in excess of 0.10 hours and failed to identify the parties to the conversation in the February 12, 2010 entry, I am recommending that these entries be reduced. Factoring in my reductions detailed above, the total voucher amount should be reduced by $1,114.00.

The Supplemental Instructions also provide that "[s]ervices of a personal nature, such as assisting the defendant in the disposition of his/her personal property, or providing legal assistance in matters unrelated to the litigation of the case even though incidental to the defendant's arrest, are not compensable." Counsel included one entry on the voucher that is not compensable because it is "legal assistance in matters unrelated to the litigation of the case":

| 7/29/09 | Telephonic conference with cosignatory regarding status of bond[5] | 0.3 hours to 0.2 hours |

Time spent explaining the status of a bond to a cosignatory is not compensable under the CJA as it is time that did not contribute to Defendant's defense. Accordingly, Counsel should not be compensated for 0.1 hour for this conference. This mandates a reduction of $11.00.

---

[5] The entire entry reads: "Telephonic conference with cosignatory regarding status of bond; accept appointment from clerk's office." Counsel failed to specifically allocate the amount of time spent on each task listed in this entry. I allocate 0.2 hours to the conference with the cosignatory and accordingly reduce the entry by 0.2 hours for lack of specificity.

Lastly, Counsel also billed 0.4 hours for the "Review prospective case budget" on October 29, 2009. Again, this time does not contribute directly to the defense of Defendant. Accordingly, this time is not reimbursable under the CJA. As a result, this entry should be eliminated for a reduction of $44.00.

I find, however, that the remaining out-of-court hours listed in the voucher application are appropriate. Factoring in my deductions, I recommend that Counsel should be paid $60,017.00 for his out-of-court hours.

In making this recommendation, I have been mindful that when considering awards to Counsel under the CJA, courts have long recognized that there is an inherent tension between the policies underlying the CJA: "[o]n the one hand, representing indigent defendants is a form of public service; thus, the [CJA] was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. . . . On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel". *United States v. Mukhtaar,* 2008 WL 2151798, at * 2 (S.D. N.Y. May 21, 2008) (citations omitted). As other courts have explained, the CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature." *United States v. Diaz*, 802 F.Supp. 304, 307 (C.D. Cal. 1992) (quoting *United States v. Carnevale*, 624 F.Supp. 381, 383 (D. R.I. 1985)). In considering these principles with respect to the instant case, I conclude that an award of $66,017.00 for out-of-court hours, is fair, although admittedly not full compensation for Counsel's services.

**Expenses**

Counsel sought nothing in "Travel Expenses." Counsel sought $1,017.68 in "Other Expenses." Although the CJA administrator did not change the total amount of expenses claimed, she did reallocate $135.00 to the category "Travel Expenses" while reducing the amount for "Other Expenses" to $1,017.68. I hereby approve these amounts.

**CONCLUSION**

I commend Counsel for his professionalism and willingness to take this appointment; the undersigned is appreciative of his efforts. Notwithstanding this appreciation, as I have often quoted, when appropriate and in the spirit of the CJA: "What is commendable, however, is not necessarily compensable." *U.S. v. Smith,* 76 F.Supp.2d 767, 769 (S.D. Texas 1999). It is with this sentiment in mind that I recommend that some of the time incurred by Counsel be considered non-reimbursable.

To be clear, I am not making this recommendation for a lack of appreciation, rather, it is because the courts have the inherent obligation to ensure that claims for taxpayer provided monies are properly spent. Accordingly, I am constricted by the rules established in the Guidelines and in the Supplemental Instructions in awarding Counsel full compensation for all time incurred in this matter.

As I explained above, however, because the representation in this case was complex, I recommend that Counsel be reimbursed for an amount in excess of the statutory maximum of $9,700.00 in this case. Based upon my review of the time sheets, the May 10, 2010 Letter of Explanation, the docket and filings in this case, I RECOMMEND that Counsel be paid $85,908.68 as fair and final compensation for his work in this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Donald L. Graham, United States District Judge.

Signed this 6 day of October, 2010.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

    Orlando do Campo, Esq.
    Lucy Lara, CJA administrator